FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 20   AM 7: 24

LORETTA G. WHYTE
         CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOUSTON JACKSON # 373800** | **CIVIL ACTION** |
| versus | **NO. 05-3991** |
| **BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY, ET AL.** | **SECTION: "S" (1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE.**

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

___ Fee_____
___ Process_____
 X  Dktd_____
 ✓  CtRmDep_____
___ Doc. No_____

Petitioner, Houston Jackson, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On November 7, 1998, he was convicted of second degree murder in violation of La.Rev.Stat.Ann. § 14:30.1 and conspiracy to commit armed robbery in violation of La.Rev.Stat.Ann. § 14:(26)64.[2] On December 2, 1998, he was sentenced on the second degree murder conviction to a term of life imprisonment and on the conspiracy to commit armed robbery conviction to a term of five years imprisonment. It was ordered that his sentences run consecutively and be served without benefit of parole, probation, or suspension of sentence.[3] On April 14, 1999, petitioner was found to be a second offender. As a result, his sentence was vacated with respect to the conspiracy to commit armed robbery conviction, and he was resentenced on that conviction to a term of imprisonment of forty-nine and one-half years, without benefit of parole, probation or suspension of sentence. It was again ordered that his sentences run consecutively.[4] On March 15, 2001, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's convictions and sentences.[5]

---

[2] State Rec., Vol. I of XIII, minute entry dated November 7, 1998; State Rec., Vol. I of XIII, jury verdict form.

[3] State Rec., Vol. XII of XIII, transcript of December 2, 1998, pp. 9-10; State Rec., Vol. I of XIII, minute entry dated December 2, 1998.

[4] State Rec., Vol. IV of XIII, transcript of April 14, 1999, p. 4; State Rec., Vol. II of XIII, minute entry dated April 14, 1999.

[5] State v. Jackson, 783 So.2d 482 (La. App. 5th Cir. 2001) (No. 00-KA-221); State Rec., Vol. II of XIII. The case was remanded for the sole purpose of having the state district court advise petitioner of the prescriptive period for seeking state post-conviction relief. The state district court advised petitioner of the prescriptive period in writing on March 21, 2001. State Rec., Vol. II of XIII.

He then filed with the Louisiana Supreme Court a petition for a writ of certiorari[6] which was denied on May 9, 2003.[7]

On May 12, 2004, petitioner filed with the state district court a post-conviction application which was denied on June 7, 2004.[8] He next filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ of review which was denied on July 22, 2004.[9] He then filed with the Louisiana Supreme Court an untimely application for a writ of certiorari[10] which was denied on June 3, 2005.[11]

On August 9, 2005, petitioner filed this federal application for *habeas corpus* relief.[12] In support of his application, petitioner claims:

1. The prosecution introduced into evidence an unduly prejudicial photograph;

2. "Other crimes" evidence was wrongly admitted at trial;

3. Petitioner received ineffective assistance of counsel on appeal;

---

[6] State Rec., Vol. XIII of XIII.

[7] State v. Jackson, 843 So.2d 385 (La. 2003) (No. 2001-K-1071); State Rec., Vol. II of XIII.

[8] State Rec., Vol. XIII of XIII, Order dated June 7, 2004.

[9] State v. Jackson, No. 04-KH-832 (La. App. 5th Cir. July 22, 2004); State Rec., Vol. XIII of XIII.

[10] State Rec., Vol. XIII of XIII.

[11] State v. Jackson, 903 So.2d 451 (La. 2005) (No. 2004-KH-2376); State Rec., Vol. XIII of XIII.

[12] Rec. Doc. 1.

    4.     There was insufficient evidence to support petitioner's convictions;

    5.     Petitioner's due process rights were violated by the cumulative effect of the wrongful admission of inconsistent statements; and

    6.     The trial court erroneously denied a defense motion for a mistrial based of the prosecution's repeated references to inadmissible hearsay.

The state argues that petitioner's federal application is untimely.[13] For the following reasons, this Court agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence becomes "final."[14] Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).

As noted, on May 9, 2003, the Louisiana Supreme Court denied petitioner's writ application challenging the intermediate appellate court's judgment affirming his convictions and

---

[13] Rec. Doc. 8, pp. 8-11. The state alternatively argues that petitioner's application is also subject to dismissal because he failed to exhaust his state court remedies. In that his federal application is indeed untimely and should be dismissed on that basis, the Court need not consider the state's alternative argument.

[14] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are inapplicable in the instant case.

sentences.[15] Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), petitioner's one-year period for seeking federal *habeas corpus* relief commenced no later than August 7, 2003, i.e. ninety (90) days after the Louisiana Supreme Court's judgment, when his time for filing a petition for a writ of certiorari with the United States Supreme Court expired. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1). Accordingly, petitioner had only one year from that date to file a federal application for *habeas corpus* relief, unless that deadline was extended through either statutory or equitable tolling.

The Court first looks to statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2).

Two hundred seventy-eight (278) days of petitioner's one-year statute of limitations elapsed prior to being tolled by the filing of his post-conviction application on May 12, 2004.[16]

---

[15] State v. Jackson, 843 So.2d 385 (La. 2003) (No. 2001-K-1071); State Rec., Vol. II of XIII.

[16] The state argues that petitioner should receive no tolling credit whatsoever for that post-conviction application because it was filed in the wrong criminal case. Rec. Doc. 8, p. 9. Petitioner explained in his related Louisiana Supreme Court writ application that he inadvertently put the wrong case number on his post-conviction application but the application itself made clear that it related to the instant convictions and sentences. State Rec., Vol. XIII of XIII.
   The state's position may well have some merit, in that, because of petitioner's error, his post-conviction application was never "properly filed" with or considered by the state courts with respect to the convictions and sentences he now challenges. Nevertheless, this Court need not determine that issue conclusively because, for the reasons set forth herein, petitioner's federal application is untimely even if he is given tolling credit for the misfiled state application.

Although that application was denied, tolling continues uninterrupted during the period of appellate review, so long as petitioner sought such review in a timely manner. See <u>Grillette v. Warden, Winn Correctional Center</u>, 372 F.3d 765, 769-70 (5th Cir. 2004).

However, the state correctly notes that any tolling ended with respect to petitioner's post-conviction application when his time expired for seeking timely review of the Louisiana Fifth Circuit Court of Appeal's related denial of the application. Louisiana Supreme Court Rule X, § 5(a), provides that a writ application challenging such a judgment must be filed within thirty days. Moreover, the United States Fifth Circuit Court of Appeals has noted that rule expressly *prohibits* any extension of the thirty-day writ application deadline and provides for *no* exceptions. <u>Williams v. Cain</u>, 217 F.3d 303, 308 (5th Cir. 1999). The Louisiana Fifth Circuit Court of Appeal issued its judgment denying petitioner's state post-conviction application on July 22, 2004. Accordingly, petitioner had only until August 23, 2004,[17] to file a writ application seeking review by the Louisiana Supreme Court. Petitioner filed no writ application by that deadline.

The Court notes that petitioner subsequently filed a writ application with the Louisiana Supreme Court. However, the record reflects that his writ application was filed by mail in an envelope that was metered on August 26, 2004,[18] and was received by the Louisiana Supreme

---

[17] Because the thirtieth day, August 21, was a Saturday, petitioner had until the following Monday, August 23, 2004, to file his writ application in the Louisiana Supreme Court. See La.C.Cr.P. art. 13; La.Rev.Stat.Ann. § 1:55.

[18] State Rec., Vol. II of XIII, letter to petitioner from John Tarlton Olivier, Clerk of Court, dated September 28, 2004.

Court the following day.[19] Because it was not filed on or before the August 23 deadline, it cannot be considered to have been "properly filed" so as to trigger § 2244(d)(2) tolling.[20] A petitioner is entitled to no tolling credit whatsoever for an untimely filing. See Williams, 217 F.3d 303; see also Pace v. DiGuglielmo, ___ U.S. ___, ___, 125 S.Ct. 1807, 1812-14 (2005);

   For the foregoing reasons, the Court finds that statutory tolling ceased on August 23, 2004. At that point, petitioner had only eighty-seven (87) days remaining of the one-year statute of limitations. Accordingly, his federal application had to be filed no later than November 18, 2004, unless the period was again tolled by an appropriate state court filing. However, during that period, petitioner had no properly filed applications for post-conviction relief or other collateral review pending before the state courts so as to entitle him to further tolling of the statute of limitations. Therefore, petitioner's deadline for filing for federal *habeas corpus* relief expired on November 18, 2004.

   The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling

---

[19] State Rec., Vol. XIII of XIII, mailing envelope (showing a receipt stamp dated August 27, 2004).

[20] The Court notes that it is irrelevant for statutory tolling purposes when petitioner gave the application to prison officials for mailing. The United States Fifth Circuit Court of Appeals has expressly prohibited the application of a state "mailbox rule" to state post-conviction filings in statutory tolling calculations. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999); see also Richardson v. Dretke, 85 Fed. Appx. 394, 395 (5th Cir.), cert. denied, 125 S.Ct. 196 (2004); Kestler v. Cockrell, 73 Fed. Appx. 690, 691 (5th Cir. 2003).

applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

For the foregoing reasons, petitioner's federal application for *habeas corpus* relief had to be filed on or before November 18, 2004, in order to be timely. Petitioner's federal application was not filed until August 9, 2005,[21] and it is therefore untimely.

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by Houston Jackson be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

---

[21] A federal *habeas* petition is considered "filed" for statute of limitations purposes when it is given to prison authorities for mailing. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner first delivered his petition to prison authorities for mailing on August 9, 2005. Rec. Doc. 1, supporting memorandum, p. 27 (certificate of service).

New Orleans, Louisiana, this nineteenth day of January, 2006.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE