UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HOUSTON JACKSON # 373800                    CIVIL ACTION

VERSUS                                       NO.  05-3991

BURL CAIN, WARDEN, LOUISIANA                 SECTION "S" (1)
STATE PENITENTIARY, ET AL.

### ORDER AND REASONS

Petitioner Houston Jackson filed this action under 28 U.S.C. § 2254, seeking relief from his state convictions for second degree murder and conspiracy to commit armed robbery.  On January 20, 2006, the magistrate judge issued a Report and Recommendation recommending that the court dismiss Jackson's petition with prejudice as untimely.  Jackson has objected to the Report and Recommendation.  The court, having considered the petition, the record, the applicable law, the Report and Recommendation, and Jackson's objection, hereby adopts the Report and Recommendation as its opinion.  Accordingly, **IT IS ORDERED** that Jackson's petition for federal *habeas corpus* relief is hereby **DISMISSED WITH PREJUDICE**.

Jackson objects that his federal petition was timely because the one-year limitations period was tolled from August 25, 2004 through June 3, 2005 during the pendency of a writ application he filed with the Supreme Court of Louisiana.  The magistrate judge did not toll Jackson's federal limitations period during the time this writ application was pending because the

writ application was untimely.  The record reflects that the Fifth Circuit Court of Appeal, State of Louisiana issued its decision denying Jackson's post-conviction application on Thursday, July 22, 2004, and that Jackson submitted his writ application to prison officials for mailing to the Supreme Court of Louisiana on Wednesday, August 25, 2004.  Although Jackson argues that he received the state appellate court's ruling on July 26, 2004, the rules of the Supreme Court of Louisiana provide that the thirty-day period within which to file a writ runs from the date the court of appeal mails its notice of judgment, not from the date it is received.  *See* Supreme Court of Louisiana Rule X, § 5(a); *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000) ("Rule X, § 5(a) is a procedural requirement governing the time of filing.  The rule sets out no specific exceptions to, or exclusions from, this requirement.  Indeed, the rule forbids any extension of the thirty-day limit.").  Jackson's writ application was submitted two days after the expiration of this period.  Because the time his writ application was pending did not toll the federal limitations period, Jackson's federal petition is untimely.  *Williams*, 217 F.3d at 311.

    New Orleans, Louisiana this   3rd   day of March, 2006.

                          **Mary Ann Vial Lemmon**
                         **United States District Judge**